FILED IN CLERKS OFFICE
2020 DEC 11 PM 2: 19
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMON CHAN, | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-11449-DJC |
| | ) |
| CHARLIE BAKER, Governor of the | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## PLAINTIFF MEMORANDUM OF LAW AND FACTS TO OPPOSE DISMISSAL MOTION FILED BY DEFENDANTS GOVERNOR BAKER, SECRETARY POLLACK AND DEPARTMENT OF TRANSPORTATION

Plaintiff Simon Chan appearing Pro Se, hereby submits this opposition to the pending motion for dismissal proposed by defendants, Governor Baker, Secretary Pollack and Department of Transportation. Plaintiff intends to demonstrate to the Court that there are genuine issues of material facts and legal points that preclude the entry of a dismissal as a matter of law.

This opposition is based upon and supported by the following Memorandum of Points and Authorities, the pleadings and papers on court file, exhibits attached hereto and any argument the Court may allow at the time of hearing.

### MEMORANDUM OF FACTS AND LEGAL ARGUMENT

Firstly, on June 25, 2018, Plaintiff filed a complaint (See Exhibit H attached) with the Massachusetts Commission Against Discrimination ("MCAD") against the MBTA asserting claims of discrimination on the basis of national origin, age, race, and color. This MCAD complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and was docketed as MCAD #18BEM01770 & EEOC/HUD #16C-2018-01900. Once MCAD had

1

docketed plaintiff complaint action in conjunction with the federal EEOC, it means that the Massachusetts government had waived its state immunity granted by the 11th Amendment of the US constitution. Therefore, this docketing fact seriously weakens defendants' argument of immunity from being sued by the federal court.

Secondly, if the state or local government receive federal funding for whatever purpose, they cannot claim sovereign immunity if they are being sued in federal court for discriminations. The United States Code, Title 42 explicitly says this. Numerous appellate court cases, such as Doe v. Nebraska in the 9th circuit and Thomas v. University of Houston of the 5th Circuit have held that, as long as the state entity receives federal funding then the sovereign immunity is not abrogated, but voluntarily waived. Since the receiving of the federal funds was optional, then the waiver of sovereign immunity was optional. If a state entity wanted its sovereign immunity back, all they have to do is to stop receiving federal funding. Defendant, the Mass Department of Transportation is heavily subsidized by federal funding. The department just cannot function without massive federal aids. Therefore, the entire 3 defendants' arguments of the 11the Amendment immunity and Fed. R. Civ. P. 12(b)(1) application are not persuasive at all.

In addition, Plaintiff strongly disagrees with defendants' invocation of Fed. R. Civ. P. 12(b)(6) which criticized the lack of elaborating details on Plaintiff's pleadings on claim and relief. In the verified complaint, plaintiff have stated clearly his ordeal of losing his employment with the MBTA, losing his opportunity to apply for bus driver job and being threatened to take a 3 weeks' severance paycheck at the expense of forfeiting his pension. Those lines spoke volume of suffering. Of course, plaintiff did forget to mention that his salvaged pension is subject to 50% truncation cut. Though Plaintiff did not sensationalize his losses and claims in the

2.

pleadings, it doesn't mean that valid claim and relief have not been established. In fact, they have been articulated in succinct terms. Court pleadings are not meant to be propaganda literature. Economy of expressions is a virtue in presenting court pleadings.

In the Motion to Dismiss, Governor Baker and Secretary Pollack are only interested in presenting legal arguments and unconvincing case laws. They have not unequivocally separated themselves from the discrimination practices at issue. They omitted to state a moral position of resenting discriminations. They have not said a single word to assert that they are intolerant of any illegal discrimination. This lack of moral leadership is an inducement to the top management of the DOT and the MBTA to have carefree attitude about discrimination practices. It reinforces my assertion stated in paragraph 11 Line 14 of my verified complaint as the following -

> *Governor Baker has set a tune of discriminatory culture and practices for*
> *MBTA management echelons to follow suit since taking office in 2015.*

Chief Justice Warren Burger once said, "It is the sovereign duty for the state to govern impartially". Had Governor Baker followed Justice Burger's stated legal principle, his right hand men in the DOT and MBTA top management would not have dared to commit the blatant discrimination acts. In management science, moral leadership is not merely an abstract virtue, it is a must present quality to insure against disasters caused by immoral acts. This lawsuit asserts that Governor Baker's lack of moral leadership is one of the causations of the discrimination acts described in the legal pleadings. Lack of moral leadership does carry some liabilities. If this lawsuit is allowed to progress to the discovery stage, Plaintiff shall be interested in finding out whether Governor Baker and Secretary Pollack have ever issued a direct order to shut down the MBTA Call Center in year 2017 and at the same time, ordered to create a new Customer Experience Center to give financial safe harbor to retain the Call Center managers at the

expense of sending all rank-and-file workers into the street..

I submit that this lawsuit is a very compelling case full of indisputable evidence of wrongful acts. It serves social justice adequately and if reaching success, it will send the right message to guide government officials to act morally and legally. It will be a great pity of not letting it run its full course in this Honorable Court.

WHEREFORE, Plaintiff faithfully prays that this Honorable Court will not ALLOW any defense motion to dismiss this case.

Faithfully Submitted

Simon Chan
Plaintiff / Pro Se
1203 Symmes Circle
Arlington, MA 02474
Email: Simonchantranslate@gmil.com
Tel: 617-763-0228

Date: December 11th 2020

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 11th, 2020, this document is filed through the Clerk's Office of the Joe Moakley Court House, the US District Court in Boston, Massachusetts. A paper copy will be sent by first-class mail to Defense Counsel:

>Joseph P Lucia Esq
>Assistant Attorney General
>Government Bureau /Trial Division
>One Ashburton place, Ste 1805
>Boston, MA 02108

_____

Simon Chan Pro Se

1203 Symmes Circle, Arlington, MA 02474

Tel 617-763-0228, Email: simonchantranslate@gmail.com